1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TASHA B.,

                     Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

Case No. 3:19-cv-05109

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

12    Plaintiff has brought this matter for judicial review of Defendant's denial of her

13 application for supplemental security income benefits.

14    The parties have consented to have this matter heard by the undersigned

15 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16 MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny

17 benefits.

18                              I.    ISSUES FOR REVEW

19    1.  Did the ALJ properly evaluate the opinion evidence?
      2.  Did the ALJ err in evaluating Plaintiff's symptom testimony?
20    3.  Did the ALJ err in evaluating lay witness testimony?

21                              II.    BACKGROUND

22    On June 6, 2012, Plaintiff filed an application for supplemental security income

23 benefits, alleging that she became disabled the same day. AR 26, 166-71. Plaintiff's

24 application was denied upon initial administrative review and on reconsideration. AR 26,

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

99-102, 106-09. A hearing was held before Administrative Law Judge ("ALJ") Robert

Kingsley on May 20, 2014. AR 44-71, 741-68. On August 26, 2014, ALJ Kingsley issued

a written decision finding that Plaintiff was not disabled. AR 23-38, 549-64. The Social

Security Appeals Council denied Plaintiff's request for review on February 17, 2016. AR

1-7, 570-76.

On May 23, 2016, Plaintiff filed a new application for supplemental security

income benefits. AR 727-32. Plaintiff's application was denied upon initial administrative

review and on reconsideration. AR 630-38, 642-52.

On April 22, 2016, Plaintiff filed a complaint in this Court seeking judicial review

of ALJ Kingsley's written decision. AR 602. On December 12, 2016, this Court

remanded the case to evaluate the unconsidered August 2013 opinion of examining

psychologist Dan Neims, Psy.D., and to re-evaluate lay witness testimony from

Plaintiff's mother. AR 605-15. On February 21, 2017, the Appeals Council vacated the

ALJ's August 26, 2014 decision and issued an order remanding the case for further

administrative proceedings consistent with the Court's order. AR 616-18. The Appeals

Council found that Plaintiff's subsequent SSI claim was duplicative, and ordered the ALJ

to consolidate the two claims. AR 618.

On June 14, 2018, ALJ David Johnson held a new hearing. AR 521-48. On

October 15, 2018, ALJ Johnson issued a written decision finding that Plaintiff was not

disabled. AR 486-511. ALJ Johnson found that Plaintiff had Major depressive disorder,

attention-deficit hyperactivity disorder, anxiety disorder, personality disorder, and sleep

disorder as severe impairments. AR 491. The ALJ found that plaintiff "had a disability

1  conviction and exaggerated her symptoms", and also had "secondary gain motivation".

2  AR 505, 507-08.

3      On February 21, 2019, Plaintiff filed a complaint in this Court seeking judicial

4  review of the ALJ's written decision. Dkt. 5. Plaintiff asks this Court to reverse the ALJ's

5  decision and to remand this case for an award of benefits. Dkt. 13, p. 19.

6                    III.    <u>STANDARD OF REVIEW</u>

7      The Court will uphold an ALJ's decision unless: (1) the decision is based on legal

8  error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,*

9  874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

10  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

11  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305

12  U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

13      The Court must consider the administrative record as a whole. *Garrison v.*

14  *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that

15  supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court

16  considers in its review only the reasons the ALJ identified and may not affirm for a

17  different reason. *Garrison,* 579 F.3d at 1010. Furthermore, "[l]ong-standing principles of

18  administrative law require us to review the ALJ's decision based on the reasoning and

19  actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit

20  what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

21  1225-26 (9th Cir. 2009) (citations omitted).

22      If the ALJ's decision is based on a rational interpretation of conflicting evidence,

23  the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533

24

25

F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence

presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.

1984) (citation omitted) (emphasis in original). The ALJ must only explain why

"significant probative evidence has been rejected." *Id.*

## IV.   DISCUSSION

Based on the limitations stemming from Plaintiff's severe impairments, the ALJ

assessed Plaintiff as being able to perform a full range of work at all exertional levels

with several work-related mental limitations. AR 493. Relying on vocational expert

("VE") testimony, the ALJ found that Plaintiff could perform other medium and light

unskilled jobs at step five of the sequential evaluation; therefore the ALJ determined at

step five that Plaintiff was not disabled. AR 510-11, 542-43.

### A.   Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff alleges that the ALJ erred in evaluating medical opinion evidence from

examining psychologists Dan Neims, Psy.D., Alysa A. Ruddell, Ph.D., David Widlan,

Ph.D., Enid Griffin, Psy.D., Brett Valette, Ph.D. and non-examining state agency

consultants Michael Brown, Ph.D., Alex Fisher, Ph.D., Christmas Covell, Ph.D., and

Beth Fitterer, Ph.D. Dkt. 13, pp. 3-7, 11-13.

In assessing an acceptable medical source – such as a medical doctor – the ALJ

must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

contradicted, the opinion can be rejected "for specific and legitimate reasons that are

supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

  1. <u>Dr. Neims</u>

  Dr. Neims examined Plaintiff four times for the Washington State Department of Social and Health Services ("DSHS").

  Dr. Neims first examined Plaintiff on September 7, 2011. AR 987-1003. Dr. Neims' evaluation consisted of a clinical interview, a mental status examination, a review of the available records, and psychological testing. Based on this evaluation, Dr. Neims opined that Plaintiff would have a range of mild work-related mental limitations along with moderate limitations in communicating and performing effectively in a work setting with public contact. AR 989.

  Dr. Neims examined Plaintiff again on August 22, 2012. AR 293-305, 341-53. Dr. Neims' evaluation again consisted of a clinical interview, a mental status examination, a review of the available records, and psychological testing. Based on this evaluation, Dr. Neims opined that Plaintiff would have a range of moderate work-related mental limitations along with marked limitations in communicating and performing effectively in a work setting. AR 297, 345.

  Dr. Neims examined Plaintiff a third time on August 22, 2013. AR 354-70. Dr. Neims' evaluation again consisted of a clinical interview, a mental status examination, a review of the available records, and psychological testing. Based on this evaluation, Dr. Neims assessed work-related mental limitations identical to those contained in his 2012 opinion. AR 356.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

1    And, Dr. Neims examined Plaintiff on October 29, 2014. AR 1004-20. Dr. Neims'

2   evaluation consisted of a clinical interview, a mental status examination, a review of the

3   available records, and psychological testing. Based on this evaluation, Dr. Neims

4   opined that Plaintiff would have a range of moderate work-related mental limitations. AR

5   1006.

6    The ALJ assigned "some weight" to Dr. Neims' opinion that Plaintiff would have a

7   range of mild and moderate mental limitations. AR 508. However, the ALJ gave "little

8   weight" to Dr. Neims' 2012 and 2013 opinions that Plaintiff would have marked

9   limitations in the ability to communicate and perform effectively in the workplace,

10   reasoning that: (1) Dr. Neims noted that Plaintiff demonstrated a pattern of "negative

11   impression management and mounting disability conviction"; (2) while Dr. Neims had

12   some longitudinal perspective from his prior examinations, he did not have the benefit of

13   reviewing other examinations and treatment notes; and (3) Dr. Neims observed

14   inconsistencies during the evaluations, including his August 2013 observation that

15   Plaintiff initially presented with a bright affect and no anxiety. AR 508.

16    With respect to the ALJ's first reason, a finding that a claimant exaggerated his or

17   her symptoms can serve as a specific and legitimate reason for discounting limitations

18   assessed by a physician, but only when the physician's opinion contains an affirmative

19   finding of malingering and the record otherwise supports a conclusion that a claimant is

20   prone to symptom exaggeration. *See Cha Yang v. Comm'r of Soc. Sec.*, 488 F. App'x

21   203, 205 (9th Cir. 2012) (finding that the record did not contain clear evidence of

22   malingering when the physician merely noted in his record to "R/O [rule out] malingering

1    [,]", failed to follow up on his suspicions and none of the claimant's other treating or

2    examining doctors suggested that the claimant might be malingering).

3           In his 2012 opinion, Dr. Neims observed that Plaintiff demonstrated prominent

4    anxiety and avoidance behavior which appeared "predominately characterologically

5    driven." AR 296. Dr. Neims stated that Plaintiff exhibited patterns of avoidance behavior,

6    and that there were "marked" and "quite significant" inconsistencies between Plaintiff's

7    self-reported symptoms and the symptoms she reported during Dr. Neims' 2011

8    evaluation; specifically, Plaintiff's report that she was now suffering from post-traumatic

9    stress and hallucinations. AR 296, 298-99. Dr. Neims opined that Plaintiff exhibited

10   patterns of "negative impression management" and "mounting disability conviction." AR

11   298.

12          In his 2013 opinion, Dr. Neims again noted that Plaintiff exhibited patterns of

13   avoidance and depersonalization that appeared "characterologically based." AR 355.

14   Dr. Neims again noted that Plaintiff endorsed traumatic stress symptoms indicating she

15   was diagnosed with this condition in counseling intake, but that Plaintiff adamantly

16   denied suffering from these symptoms at previous meetings. AR 355. Dr. Neims again

17   observed that Plaintiff exhibited patterns of negative impression management and

18   mounting disability conviction. AR 357.

19          In his 2014 opinion, Dr. Neims observed that Plaintiff continued to exhibit

20   mounting disability conviction against the backdrop of moderate mental health

21   symptoms. AR 1007.

22          Here, the ALJ reasonably inferred that Dr. Neims statements that Plaintiff

23   exhibited patterns of "negative impression management" constituted an affirmative

24

25

finding of malingering, and did not err in discounting the marked limitations contained in Dr. Neims' opinions on this basis. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982) (An ALJ is entitled to draw inferences logically flowing from the evidence).

Dr. Neims' statements are consistent with the 2017 opinion of examining psychologist Dr. Valette, who stated that Plaintiff was vague and evasive when explaining why she could not work, and that when a patient demonstrates anger, irritability, and excessive vagueness when being asked simple questions, this is typically due to symptom exaggeration. AR 985-96; *Cha Yang v. Comm'r of Soc. Sec.*, 488 F. App'x 203, 205 (9th Cir. 2012). Dr. Neims' statements are also consistent with the observations of examining psychologist Dr. Griffin, who stated that there was some question over Plaintiff's level of motivation, and her examination results "should be viewed with caution." AR 310.

Although the ALJ provided other specific, legitimate reasons to discount Dr. Neims' opinions, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

2. Dr. Ruddell

Dr. Ruddell examined Plaintiff on June 13, 2016 for DSHS. AR 1021-25. Dr. Ruddell's evaluation consisted of a clinical interview, a mental status examination, and a patient self-evaluation. Based on this evaluation, Dr. Ruddell opined that Plaintiff would

1   have a range of moderate and marked work-related mental limitations, along with

2   severe limitations in learning new tasks. AR 1023.

3          The ALJ assigned "little weight" to Dr. Ruddell's opinion, reasoning that: (1)

4   Plaintiff's presentation during Dr. Ruddell's evaluation was inconsistent with

5   contemporaneous mental status examinations; and (2) the limitations contained in Dr.

6   Ruddell's assessment were inconsistent with Plaintiff's self-reported activities of daily

7   living. AR 508.

8          With respect to the ALJ's first reason, inconsistencies with the medical evidence

9   may serve as specific, legitimate reasons for discounting limitations assessed by a

10  physician. *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical

11  opinion is with the record as a whole, the more weight [the Social Security

12  Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154,

13  1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with

14  treatment notes).

15         During Dr. Ruddell's examination, Plaintiff exhibited signs of paranoia, as well as

16  impaired memory, abstract thinking, insight, and judgment. AR 1024.

17         The ALJ found that Plaintiff's presentation was inconsistent with mental status

18  examinations performed around the same time, which revealed normal mood, affect,

19  insight and judgment, and no mood swings, paranoia or anxiousness. AR 508, 917,

20  920, 924.

21         These inconsistencies, by themselves, may only reflect the waxing and waning of

22  symptoms common in mental health impairments. *See Garrison v. Colvin*, 759 F.3d

23  995, 1017-18 (2014) (with respect to mental health impairments, cycles of improvement

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 9

and debilitating symptoms "are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Yet the context of the entire record supports the ALJ's conclusion that these inconsistencies are part of a broader pattern of inconsistent statements and symptom magnification; the evidence throughout the longitudinal record and the opinions of Dr. Neims, Dr. Brett, and Dr. Griffin are substantial evidence supporting the ALJ's decision on this point. *See supra* Section A.I; *see infra* Section B. As such, the inconsistencies cited by the ALJ are a specific and legitimate reason for discounting the limitations assessed by Dr. Ruddell.

3. Dr. Widlan

Dr. Widlan examined Plaintiff on January 23, 2009. AR 251-55. The ALJ assigned "little weight" to Dr. Widlan's opinion, reasoning that it was rendered several years prior to Plaintiff's alleged disability onset date. AR 509.

A finding that a medical opinion is too distant in time from the period at issue to be useful in making a disability determination can serve as a specific and legitimate reason for discounting that opinion. *Johnson v. Astrue,* 303 F. App'x 543, 545 (9th Cir. 2008) (finding that an ALJ properly rejected medical opinions that were remote in time, and instead relying more heavily on more recent opinions in denying Social Security disability benefits); *see also Flores v. Colvin*, 546 Fed. Appx. 638 (finding that the ALJ properly rejected part of a medical opinion because it was ten years old and instead relying upon two more recent opinions).

1   Here, the earliest Plaintiff could be found disabled is the date she applied for SSI,

2   either June 6, 2012 or May 23, 2016, depending of which of the two consolidated

3   applications is used. AR 166-71, 727-32; 20 C.F.R. §§ 416.335, 416.501. Dr. Widlan's

4   opinion was issued either 3 or 7 years before Plaintiff could conceivably have been

5   found disabled by the Social Security Administration, and significantly predates the

6   period at issue. As such, the ALJ has provided a specific and legitimate reason for

7   discounting Dr. Widlan's opinion.

8        4.   Dr. Griffin

9        Dr. Griffin examined Plaintiff on August 27, 2012. AR 307-10. Dr. Griffin's

10  evaluation consisted of a clinical interview and a mental status examination. Based on

11  this evaluation, Dr. Griffin opined that Plaintiff had no memory issues that would prevent

12  her from performing simple tasks, and that once Plaintiff began psychiatric treatment,

13  she would be able to engage in job training and/or part-time work, and that within 12

14  months Plaintiff would be able to resume full time work. AR 310.

15       The ALJ assigned "significant weight" to Dr. Griffin's opinion, reasoning that Dr.

16  Griffin was familiar with Social Security regulations, was able to examine Plaintiff in

17  person, and that Dr. Griffin's opinion that Plaintiff could perform simple tasks was

18  consistent with the medical record and Plaintiff's self-reported activities of daily living.

19  AR 506.

20       Plaintiff contends that Dr. Griffin's opinion is consistent with the opinions of Dr.

21  Neims and Dr. Ruddell. Dkt. 13, pp. 11-12. Even if the Court assumes, for purposes of

22  argument, that Plaintiff is correct on this point, Dr. Griffin's opinion that her examination

23  results "should be viewed with caution" due to Plaintiff's lack of motivation is also

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 11

1   consistent with the reservations that Dr. Neims and Dr. Brett expressed about Plaintiff's

2   performance during examinations. AR 298, 310, 357, 985-96, 1007. The ALJ's

3   determination is supported by substantial evidence.

4       5.  Dr. Valette

5       Plaintiff contends that Dr. Valette's opinion is consistent with the opinions of Dr.

6   Neims and Dr. Ruddell. Dkt. 13, pp. 11-12.

7       Dr. Vallete examined Plaintiff on April 9, 2017. AR 981-86. Dr. Vallete's

8   examination consisted of a records review, a clinical interview, and a mental status

9   examination. Based on this evaluation, Dr. Vallete opined that Plaintiff could

10  understand, remember, and carry out simple one and two step instructions, as well as

11  an extensive variety of complex instructions. AR 986. Dr. Valette further opined that

12  Plaintiff would be able to interact appropriately with supervisors, co-workers, and the

13  public, and would be able to maintain sufficient concentration to perform simple and

14  complex tasks. *Id.*

15      The ALJ assigned "significant weight" to Dr. Valette's opinion, reasoning that it

16  was consistent with Plaintiff's self-reported daily activities, and also assigned significant

17  weight to Dr. Valette's conclusion that Plaintiff's vague and evasive behavior was typical

18  of individuals engaging in symptom exaggeration. AR 507.

19      First, Dr. Valette, unlike Dr. Neims and Dr. Ruddell, assessed Plaintiff as having

20  no work-related functional limitations. AR 986, compare with AR 297, 345, 1006, 1023.

21  Second, Dr. Valette's conclusion that Plaintiff was likely engaging in symptom

22  exaggeration is consistent with the opinions of Dr. Ruddell and Dr. Griffin. The ALJ's

23  assessment is supported by substantial evidence.

24

25

1       6.  Dr. Covell and Dr. Fitterer

2       Non-examining state agency psychologists Dr. Covell and Dr. Fitterer offered

3   opinions concerning Plaintiff's work-related functional limitations in late 2016. AR 583-

4   85, 595-97. Dr. Covell opined that based on her review of the record, Plaintiff had the

5   ability to understand and recall very short and simple instructions. AR 583. Dr. Covell

6   further opined that Plaintiff had the ability to perform simple, routine tasks and some

7   detailed/complex tasks, might have some lapses in concentration, persistence, and

8   pace, but could persist at simple, routine tasks for a workday/week. AR 584. Dr. Covell

9   further opined that Plaintiff should have limited, superficial contact with the general

10  public and co-workers. AR 584-85. Dr. Fitterer assessed Plaintiff as having identical

11  limitations. AR 595-97.

12      The ALJ did not evaluate the opinions of Dr. Covell and Dr. Fitterer. The Ninth

13  Circuit has held that failing to discuss a medical opinion generally does not constitute

14  harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard

15  for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion

16  should have been considered") (citing 20 C.F.R. § 404.1527(c) (noting that this

17  regulation requires the evaluation of "every medical opinion" received)).

18      However, reasons given by an ALJ for rejecting an opinion of an earlier physician

19  may apply with equal force to an opinion issued later by a different physician. *See Hoyt*

20  *v. Colvin*, 607 F. App'x 692, 693 (9th Cir. 2015) (holding that new evidence did not

21  require remand because the reasons the ALJ gave for rejecting the opinions of

22  claimant's treating doctor applied with equal force to another doctor's newly submitted

23  opinions), citing *Molina v. Astrue*, 674 F.3d 1104, 1122 (explaining that, even when the

24

25

1    ALJ fails to comment upon certain testimony, such failure is harmless when the ALJ's

2    reasons for rejecting other testimony "apply with equal force" to the ignored testimony).

3        In this case, the ALJ assigned "significant weight" to the 2012 opinions of non-

4    examining state agency psychologists Dr. Brown and Dr. Alex Fisher, who assessed

5    Plaintiff as being able to understand simple instructions, perform simple, routine tasks,

6    and needing to have limited contact with the public. AR 78-79, 93-94, 506.

7        The ALJ reasoned that Dr. Brown and Dr. Fisher were familiar with Social

8    Security regulations, and had the opportunity to examine the medical record in forming

9    their opinions. AR 506. However, the ALJ reasoned that Dr. Brown and Dr. Fisher did

10   not have an opportunity to review additional evidence which supported additional

11   restrictions to work that does not require interaction with the general public and that

12   does not require more than occasional adaptation to changes in the work setting or

13   work processes. *Id.*

14       First, the limitations assessed by Dr. Brown and Dr. Fisher in 2012 are similar to

15   the limitations assessed by Dr. Dr. Covell and Dr. Fitterer in 2016.

16       Second, it is unclear how the ALJ's decision would be different even if the

17   limitations contained in the opinions of Dr. Covell and Dr. Fitterer were credited as true.

18   Here, when assessing the RFC, the ALJ found that Plaintiff could perform simple,

19   routine tasks that did not require interaction with the general public and that did not

20   require more than occasional adaptation to changes in the work setting or work

21   processes; these limitations are broadly consistent with those assessed by Dr. Covell

22   and Dr. Fitterer, and with respect to the limitations concerning adaptation, are more

23   restrictive then the opinions of the state agency consultants. AR 493.

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 14

1    Accordingly, while the ALJ erred in not evaluating the opinions of Dr. Covell and

2    Dr. Fitterer, another remand would be unlikely to clarify the record further. *Molina v.*

3    *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply

4    in the Social Security context).

5    B.  Whether the ALJ erred in evaluating Plaintiff's testimony

6    Plaintiff contends that the ALJ did not provide clear and convincing reasons for

7    discounting her symptom testimony. Dkt. 13, pp. 13-17.

8    In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

9    *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

10   there is objective medical evidence of an underlying impairment that could reasonably

11   be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

12   F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

13   evidence of malingering, the second step allows the ALJ to reject the claimant's

14   testimony of the severity of symptoms if the ALJ can provide specific findings and clear

15   and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

16   *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

17   In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) the

18   record contains evidence of symptom exaggeration and disability conviction that

19   undermines her credibility; (2) Plaintiff's allegations were inconsistent with the medical

20   record; (3) Plaintiff's allegations were inconsistent with her self-reported activities of

21   daily living; (4) many of Plaintiff's mental health symptoms occurred in the context of

22   situational stressors; and (5) Plaintiff's mood improved with counseling and medication.

23   AR 504-06.

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 15

With respect to the ALJ's first reason, affirmative evidence of symptom magnification, or malingering, relieves an ALJ from the burden of providing specific, clear, and convincing reasons for discounting a claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.2006); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). "The essential feature of malingering is the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as . . . obtaining financial compensation . . . or obtaining drugs."  American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 726 (5th ed. 2013) ("DSM V").

Here, the ALJ found that Plaintiff had a disability conviction and exaggerated her symptoms, which was supported by opinions of Dr. Neims, Dr. Griffin, and Dr. Valette. AR 505. As discussed above, the ALJ did not err in finding that the statements in these opinions indicated that Plaintiff exaggerated her symptoms. *See supra* Section A.I.

The ALJ therefore found that Plaintiff was malingering and the "clear and convincing reasons" standard does not apply. *Baghoomian v. Astrue*, 319 Fed. App'x 563, 565 (9th Cir. 2009). To discredit a claimant's testimony when a medical impairment has been established, but the record contains affirmative evidence of malingering, the ALJ must provide "specific, cogent reasons" for discounting a claimant's testimony. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007).

Here, the ALJ relied on the inconsistencies between Plaintiff's allegations and the medical record; the ALJ has provided specific and cogent reasons for discounting Plaintiff's testimony. *See* 20 C.F.R. § 416.927(c)(4); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 16

1
2
3
4
5
6

The ALJ found that Plaintiff's performance during consultative examinations, which was itself called into question by several examining psychologists, was also inconsistent with the longitudinal record; Plaintiff routinely demonstrated intact memory, concentration, insight, and judgment and typically presented as alert and fully oriented during mental status examinations. AR 408, 414, 433, 438, 444, 450, 455, 472, 478, 504,1065, 1076, 1090, 1107, 1134, 1157, 1174.

7
8
9
10
11
12

The ALJ also found that Plaintiff's testimony that she suffered from hallucinations was inconsistent with the treatment record; Plaintiff did not report hallucinations, and Dr. Neims' stated that Plaintiff made inconsistent statements about whether she had experienced visual and auditory hallucinations. AR 296, 300, 309, 344, 473, 479, 505, 898, 955, 957, 991, 1021-25, 1225, 1228, 1231, 1234, 1237, 1240, 1242, 1245, 1248, 1251, 1254, 1257, 1259, 1261, 1263, 1269, 1273.

13
14
15
16

The ALJ also noted that Plaintiff made inconsistent statements concerning her drug use. Plaintiff testified at the hearing that she had not used drugs since age 16 or 17, but stated to Dr. Ruddell in 2016 that she had last used heroin, cocaine, and methamphetamine in 2006. AR 505, 532-33 1022.

17
18
19
20

The ALJ's finding that the record contains evidence of malingering is supported by substantial evidence, and in citing the inconsistencies between Plaintiff's allegations and the record, the ALJ has provided specific and cogent reasons for discounting her testimony.

21

C. Whether the ALJ erred in evaluating lay witness statements

22
23

Plaintiff contends that the ALJ erred in evaluating lay witness statements from her mother. Dkt. 13, pp. 17-18.

24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 17

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 416.902.

Here, the ALJ found the 2013 statements made by Plaintiff's mother, in which Plaintiff's mother reported that Plaintiff suffered from hallucinations and other serious mental health symptoms, reflected Plaintiff's self-reports, and were inconsistent with the record for the same reasons as Plaintiff's own statements were inconsistent with the objective evidence. AR 222-24, 509; *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ may reject lay witness testimony for the same reasons she rejected a claimant's subjective complaints if the lay witness statements are similar to such complaints). The statements from Plaintiff's mother are similar to Plaintiff's own allegations, and the ALJ has provided a germane reason for discounting these statements.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 30th day of June, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 18